CASE 82—APPEAL TO CIRCUIT COURT—MAY 18.

# Mocquot v. Meadows.

APPEAL FROM FULTON CIRCUIT COURT.

1. PARTNERSHIP—EVIDENCE.—In this action for the settlement of a partnership between plaintiff and defendant in the buying and shipping of cotton the court should have permitted defendant to prove by plaintiff, that he, plaintiff, was the owner of a store and paid for much of the cotton in goods out of his store, realizing a large profit thereon.

2. DOCKETING OF APPEALS TO CIRCUIT COURT—TRANSFER TO EQUITY. —The provision of sec. 726 of the Civil Code that "appeals shall be docketed and stand for trial as ordinary actions," was intended to provide a rule to govern the clerk in docketing appeals to the circuit court, and not to change the law as to the trial. Therefore, an appeal to the circuit court from a city court in an equity action having been placed upon the ordinary docket in the circuit court, should, upon motion by defendant, have been transferred to equity.

3. EQUITABLE ACTIONS.—This being an action for the settlement of a partnership, be it a general or special one, it is of exclusively equitable cognizance.

4. DEPOSITIONS.—The action being an equitable one, the court erred in rejecting defendant's deposition, previously taken.

J. C. FLOURNOY FOR APPELLANT.

1. The circuit court erred in refusing to transfer to equity this case, which was an appeal from the judgment of the city court of Fulton in an equitable action to settle the partnership between appellant and appellee. It also erred in allowing oral proof instead of written as provided in section 552 of the Civil Code. (Civil Code, sec. 708.)

The provisions of section 726 of the Civil Code that "appeals shall be docketed and stand for trial as ordinary actions, and shall be tried anew, as if no judgment had been rendered," were not meant to change the method of trial in the admission of evidence and application of principles in equitable actions.

2. It being in evidence that the money by which the cotton was purchased was paid out by the appellee at his store, and that none of same was advanced to appellant as part of his capital in the partnership, and further that the proceeds of cotton sales were placed in bank to the private account of the appellee and he used

same as his private money, appellant's contention that there was no agreement to share losses is corroborated, and it is conclusively demonstrated that appellee advanced money for himself alone as against appellant's labor and that the latter was not considered by the appellee as a joint owner of the goods. Hence this case comes within the rule of Heran v. Hall, 1 B. M., 159, that where one partner's capital is money and the other's labor, he whose capital is labor is not liable for contribution for any loss of capital in the venture. (Schull v. Brooks, 13 Ky. Law Rep., 335.)

3. Though the appellant and appellee are balanced against each other as to the question of sharing losses, the burden is on the appellee, and the fact that appellant was not to share either in the capital or its control, or share in the proceeds except in such profits as it might gain, is convincing proof that he was not to share in the losses.

4. It was error in the court to refuse to allow appellant to show appellee's interest in the cotton gin and to refuse to permit appellant to show how much cotton appellee paid for in goods out of his store.

ROBBINS & THOMAS for appellee.

1. This action brought by appellee in equity to recover of appellant $446.01 alleged to be one-half the losses sustained by appellant and appellee while engaged in a partnership enterprise of buying cotton, being one to recover an amount fixed and certain, is really one in ordinary, and the ruling of the circuit court upon appeal in refusing to transfer it to equity should be sustained for that reason; and also because that ruling is sustained by sec. 726 of the Civil Code which provides that appeals in inferior courts "shall be docketed and tried as ordinary actions, &c." (Civil Code, secs. 726, 708.)

2. There being nothing in the record to show that any of the reasons mentioned in sec. 554 of the Civil Code existed, and the appellant being present in court at the trial, the ruling of the court in refusing to allow the appellant's deposition read was proper.

3. The figures shown in the record ascertaining one-half the loss sustained in the partnership, being in the handwriting of appellant, speak loudly in favor of the appellee's contention that appellant was, under the terms of the partnership, to share the losses, for if he was not to share them why should he ascertain what the one-half amounted to?

4. The letters of appellant filed with the deposition of the witness Tucker show that he was managing the cotton as a part owner of same and that it was billed in the names of both appellant and appellee.

**5.** This case comes within the rule laid down in Heran v. Hall, 1 B. M., 159, and also in the case of Curd, &c. v. Ridgeway, 9 Ky. Law Rep., 237, that, where the partnership extends to an equal proprietary interest in the corpus of the partnership property, which is the capital, the losses should be shared.

**6.** The judgment of the lower court should be affirmed unless the finding of facts is flagrantly against the weight of evidence. (Thompson v. Thompson, 14 Ky. Law Rep., 514; Deatley's admr. v. Power, 13 Ky. Law Rep., 139; L. & N. R. Co. v. Gorman, 13 Ky. Law Rep., 494.)

**7.** Appellee having alleged a partnership and appellant not denying same, the presumption is that a partnership did exist and that both profits and losses were to be equally shared, and the burden is on the appellant to show that he was not to bear any of the losses. (Amer. & Eng. Enc. of Law, vol. 17, page 841, sub-sec. B and notes; same, vol. 17, page 964, sub-sec. 1 and note 4; Lee v. Lashbrooke, 8 Dana, 214; Connell v. Sandige, 5 Dana, 210; Pirtle v. Penn, 3 Dana, 247; Honore v. Colmesnil, 1, J. J. Mar., 506.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the city court of Fulton by the appellee against the appellant. The petition alleged, in substance, that the parties had entered into partnership for the purpose of buying and shipping cotton, through the season of 1891, each to share alike in profits and losses, and that after the business was completed the parties made a settlement of their partnership affairs, and that it was found that the losses were $892.02, which appellee has paid, which sum appellant agreed was the true amount of loss, and asked judgment against appellant for $446.01.

Appellant by his answer denied that he was to share any losses, also denied the settlement, as well as his liability for any sum, and, in substance, averred that appellee was to furnish the money, and appellant to give his time and attention to the business, and receive half the profits, if any, but to bear no loss, and that he had not received anything

for his services.    To this answer appellee replied traversing the material allegations thereof.

A trial resulted in a judgment in favor of appellee, from which judgment appellant appealed to the circuit court of Fulton county, and upon the calling of the cause for trial, the appellant moved to transfer the same to the equity docket, which motion was overruled by the court, and proper exceptions taken.    A jury was waived, and the law and facts submited to the court, and a separate finding as to the law and facts rendered.

The court gave judgment in favor of appellee for $446.01. Appellant's motion for new trial having been overruled, he prosecutes this appeal.

Several grounds for new trial are relied on, some of which need not be noticed.

During the trial appellant offered to prove by appellee that he, appellee, was the owner of a large dry-goods store, and that he paid for much of the cotton at his store, realizing a large profit thereon, to which appellee objected, and the court sustained the objection; also offered to prove by appellee what amount of cotton was paid for in goods out of his store, which proof was objected to by plaintiff and objection sustained; also sought to prove that appellee owned two-thirds of the cotton gin used by them, which, in like manner, was objected to, and objection sustained.

Appellant also insists that the court erred in not allowing his deposition to be read as evidence.    It seems to us that the evidence offered by appellant should have been admitted, and this being an equitable action, he should have been allowed to read his deposition, which had theretofore been taken.

Appellant also insists that the court erred in overruling his motion to transfer the case to equity.    This action was

brought in equity in the city court, as the petition shows, and is manifestly an action for the settlement of a partnership, be it a general or special one, and all such actions are of exclusively equitable cognizance, unless sec. 726 of the Civil Code of Practice requires appeals in equitable actions from inferior courts to be treated, in all respects, as ordinary actions.

Appellee's contention is that such is the effect of that section. The section, *supra,* is in the following words: "Appeals shall be docketed and stand for trial as ordinary actions, and shall be tried anew, as if no judgment had been rendered."

We are not aware that this section has ever before been considered by this court.

It seems to us that the object or intention of the section was to provide a rule to govern the clerk in docketing appeals from inferior courts, and not to change the law as to the trial.

If this action had been instituted in the circuit court, and from any cause had been placed on the ordinary docket, it would, upon motion, have been transferred to the equity docket, and inasmuch as the law required this action to be tried anew, as if no judgment had been rendered, it seems to us that the motion to transfer should have been sustained.

There will have to be a new trial of this cause, hence we refrain from any discussion of the evidence or judgment rendered.

For the errors indicated, the judgment of the court below is reversed and cause remanded, with directions to set aside the judgment, award a new trial, and to sustain the motion to transfer to the equity docket, and for further proceedings consistent with this opinion.